## DAVIDOFF HUTCHER & CITRON LLP

ATTORNEYS AT LAW
200 GARDEN CITY PLAZA
SUITE 315
GARDEN CITY, NEW YORK 11530

(516) 248-6400
FAX (516) 248-6422
WWW.DHCLEGAL.COM

NEW YORK
605 THIRD AVENUE
NEW YORK, N.Y. 10158
(212) 557-7200

ALBANY
150 STATE STREET
ALBANY, N.Y. 12207
(518) 465-8230

WASHINGTON, D.C.
444 NORTH CAPITAL STREET, N.W.
WASHINGTON, D.C. 20001
(202) 347-1117

WRITER'S DIRECT: 516.247.4449
E-MAIL: apc@dmlegal.com

September 6, 2012

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y
★ SEP 11 2012 ★
LONG ISLAND OFFICE

*Via ECF*

Hon. Sandra J. Feuerstein, U.S.D.J.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
100 Federal Plaza
Central Islip, New York  11722

      Re:    *Lia v. Saporito, et ano.*, Case No.: 11-CV-3621 (SJF)(ETB) and
              *W&D Imports, Inc. v. Lia, et al.*, Case No. 11-CV-4144 (SJF)(ETB)

Dear Judge Feuerstein:

      As your Honor is aware, I, together with Patrick Patel, Esq., represent Defendant Jessie Armstead in the above-referenced consolidated cases, and am writing in response to the letter motion from Eric L. Chase, Esq., counsel for W&D Imports, Inc. d/b/a Willis Honda and David Davis (collectively, "*Willis*"), dated September 5, 2012, requesting that fact discovery be allowed to go forward in these cases, and am writing in opposition thereto.

      Willis' request that it be permitted to proceed with conducting discovery should be rejected by the Court for precisely the reasons set forth in the cases cited by Willis in its letter. For example, in *Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.* (2009 WL 274483, 2009 US Dist. LEXIS 7905 [SDNY 2009]), the court held that:

> a court may, in its discretion, stay discovery "for good cause."
> Factors relevant to a court's determination of "good cause" include:
> the pendency of dispositive motions, potential prejudice to the
> party opposing the stay, the breadth of discovery sought, and the
> burden that would be imposed on the parties responding to the
> proposed discovery.

Citing *Niv. v. Hilton Hotels Corp.*, (2007 WL 510113 [SDNY 2007]); *Anti–Monopoly, Inc. v. Hasbro, Inc.*, (1996 WL 101277 [SDNY 1996]).

80085349

**DAVIDOFF HUTCHER & CITRON LLP**

Hon. Sandra J. Feuerstein, U.S.D.J.
September 6, 2012
Page 2

The same was held to be true by the United States District Court for the District of Colorado in *Stone v. Lockheed Martin Corp.* (2009 WL 267688 [D.Colo. 2009], 2009 US Dist. LEXIS 12105]), where the court held:

> In assessing the propriety of a stay, this court must consider:
> whether the movant is likely to prevail in the [dispositive motion];
> whether, absent a stay, any party will suffer substantial or
> irreparable harm; and, the public interests at stake

(citations omitted).

In the instant case, motions to dismiss have been filed by: (i) Defendant Armstead; (ii) Defendants Saporito, All Start Motors of L.I., Inc., All Star Motors, LLC (collectively "*All Star*"); and (iii) Defendant American Honda Motor Co., Inc. ("*Honda*"). An examination of the *Stone* factors clearly establishes that discovery should not be permitted to proceed in these cases. More specifically, based upon the evidence before the Court, it is likely that Armstead (if not all movants) will be successful in dismissing most, if not all of the claims asserted in this case. Accordingly, the first *Stone* factor weighs in favor of staying discovery. As to the second factor, relative prejudice to the parties, it is noted that nothing contained in Willis' letter shows that Willis will suffer any prejudice, let alone "substantial or irreparable harm" if discovery cannot proceed at this early juncture. Conversely, and for the reasons set forth *infra*, Armstead will, indeed, be prejudiced if discovery is allowed to proceed at this time.

Another factor that the Court must consider under *Stone* is the breadth of discovery sought by the party seeking it. Here, Willis' letter indicates its desire to have the Court compel responses from those Defendants on whom discovery requests were served. Willis' letter states that it wishes to schedule depositions as well. In response, it should be noted that we cannot address Willis' contentions with regard to its discovery demands which were purportedly served, insofar as Willis does not identify the Defendants to which its letter refers and, further, we have no record of being served with any such demands at any time. Moreover, in discussing Willis' letter with counsel for the other Defendants in this action, it appears that no other counsel is aware of any such demands having been served.

Notwithstanding the foregoing, it is clear that Willis is seeking to utilize a full compliment of discovery devices available while the motions of the several Defendants to dismiss this case are pending. As a result, Armstead (and, indeed, all Defendants) will be prejudiced if forced to proceed with discovery because it can be presumed, even if it cannot be presently determined, that the discovery sought by Willis will involve claims and parties that may not survive the motions. For all these reasons, Willis' request for a discovery conference and/or to proceed with discovery should be denied.

80085349

**DAVIDOFF HUTCHER & CITRON LLP**

Hon. Sandra J. Feuerstein, U.S.D.J.
September 6, 2012
Page 3

As a final matter it is noted that Willis' request is premature at the very least, since a conference pursuant to Fed. R. Civ. Pro. 26(f) has yet not been scheduled in this matter. Accordingly, absent a Rule 26(f) conference, the event triggering the parties' obligation to exchange the Rule 26(a) disclosures sought by Willis has not yet occurred. Notwithstanding the foregoing, in the event that the Court deems it appropriate to enter a formal Order with respect to the status of discovery in the instant case, this letter serves as Armstead's request that your Honor enter an Order pursuant to Fed. R. Civ. Pro. 26(c) staying discovery pending a determination of the dispositive motions which are presently pending, *sub judice*, before the Court.

In closing, I thank the Court for its consideration in this matter.

Respectfully yours,

Andrew Paul Cooper

cc:   Hon. E. Thomas Boyle, U.S.M.J.
      Steven Cohn, Esq. (via ECF and via email @ scohn@scohnlaw.com)
      Jeffrey Brown, Esq. (via ECF and via email @ jbrown@lmblaw.com)
      Robert D. Cultice, Esq. (via ECF and via email @ robert.cultice@wilmerhale.com)
      Francis X. Riley, III, Esq. (via ECF and via email @ freily@saul.com)
      Ronald Campione, Esq. (via ECF and via email @ rcampione@bressler.com)

**Order**
The application is:
___ granted
_✓_ denied. The parties are directed to the assigned Magistrate Judge for all
___ referred to Magistrate Judge _____ for   pre-trial discovery matters.
    ___ decision                                  A pre-trial conference is scheduled
    ___ report and recommendation                 for March 12, 2013 at 11:15 a.m.

80085349

s/ Sandra J. Feuerstein
_____
U.S.D.J.
9/11/12