

Francis X. Riley, III
Phone: (609) 452-3150
Fax: (609) 514-3744
friley@saul.com
www.saul.com

September 14, 2012

**VIA ECF**

Hon. E. Thomas Boyle, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Islip, NY 11722

    Re:    *Lia v. Saporito, et al.*, Civil Action No.: 11-3621
            *consolidated with:*
            *W&D Imports LLC v. Lia, et al.*, Civil Action No.: 11-4144

Dear Judge Boyle:

       This firm represents Michael Saporito, All Star Motors of L.I. and All Star Motors LLC d/b/a Hamilton Honda (collectively, "All Star") in the above-captioned matter of *W&D Imports LLC v. Lia, et al.*, Civil Action No.: 11-4144.

       We are in receipt of the September 13, 2012 letter to Your Honor from counsel for Plaintiff W&D Imports, LLC ("W&D") (ECF Document 39) requesting an early conference so that Your Honor can provide guidance concerning discovery. This request is predicated on Judge Feuerstein's direction that the parties take up all discovery-related issues with Your Honor. That direction followed W&D's application directly to Judge Feuerstein for an order requiring the parties to conduct discovery pending Judge Feuerstein's decisions on Defendants' pre-answer motions to dismiss, and Defendant Armstead's request that, to the extent necessary, a stay of discovery be entered. Clearly, Judge Feuerstein's direction to the parties was based on the fact that discovery issues and disputes should raised with Your Honor, not directly with Judge Feuerstain.

      All Star opposes W&D's request for an "early conference" which it wants so that it can attempt to raise informally (outside of standard motion practice) with Your Honor a request that discovery begin before Judge Feuerstein's decisions.. First and foremost, in light of All Star's motion to dismiss with prejudice the entirety of W&D's complaint, there is no conceivable reason to hold a conference so that discovery, which may never be needed, can be discussed. In fact, all relevant factors overwhelmingly weigh against discovery at this time. *See Ellington*

750 College Road East, Suite 100 ♦ Princeton, NJ 08540-6617 ♦ Phone: (609) 452-3100 ♦ Fax: (609) 452-3122
Marc A. Citron - Princeton Managing Partner

1038646.1    DELAWARE   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

*Credit Fund, Ltd. v. Select Portfolio Servs. Inc.*, 2009 U.S. Dist.LEXIS 7905 (S.D.N.Y. Feb. 3 2005); *Stone v. Lockeed Martin Corp.*, 2009 U.S. Dist. LEXIS 12105 (D.Colo. Feb. 2 2009). Further, discussion of discovery issues is premature because Rule 26(a) disclosures have not been served (nor should they be), a Rule 26(f) conference among counsel has not occurred, and a scheduling order (including discovery deadlines) has not been entered.

What is even more important, however, is that discovery in this consolidated matter will be extensive, labor intensive, and expensive. Discovery will have to address events that transpired over at least 8 to 9 years (likely longer) between the parties, and at least 4 non-parties, in New Jersey and New York. In fact, even initial disclosures could take months to compile. Plaintiff's contention that depositions - at which all counsel and likely a representative of each party will have to be present, resulting in tens of thousands of dollars of expenses and fees - should be conducted because there is little burden associated with depositions, is silly under the present procedural posture of this action. Furthermore, it is respectfully submitted that Plaintiff's suggestion that a "knowledgeable representative" of this firm should be ordered to be produced for a deposition at all, let alone while Judge Feuerstein's decision on the motions to dismiss is pending, is simply not something this Court should entertain. Since this is the type of discovery on which W&D would presumably seek Your Honor's guidance, but which should not occur before a decision by Judge Feuerstein, it is respectfully submitted that the requested conference is not needed at this time.

To the extent that Your Honor agrees with the Defendants' position, but believes that a stay of discovery is required (All Star does not believe such an Order is required), All Star respectfully requests that an order be entered pursuant to Fed. R. Civ. P. 26(c) staying all discovery.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

Francis X. Riley III
(Admitted *Pro Hac Vice*)

FX/fxr
cc:   All counsel of record (via ECF and email)

1038646.1