# BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

P.O. Box 1980  •  Morristown, NJ 07962
Hand Delivery:
325 Columbia Turnpike  •  Suite 301  •  Florham Park, NJ 07932
973.514.1200  •  fax 973.514.1660
www.bressler.com

Eric L. Chase
Member

direct: 973-966-9686
echase@bressler.com

October 22, 2012

Honorable Magistrate E. Thomas Boyle, U.S.M.J.
U.S.D.C., Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza
Central Islip, NY 11722-4449

    Re:    *Lia v. Saporito*, Civil Case No. cv-11-3621 consolidated with
              *W&D Imports, Inc. v. Lia*, Civil Case No. cv-11-4144

Dear Magistrate Judge Boyle:

    On behalf of Plaintiffs W&D Imports, Inc. d/b/a Willis Honda and David Davis (collectively "Willis"), we respectfully respond to the requests of certain Defendants[1] for an order staying discovery while Judge Feuerstein's decisions on dismissal motions in the subject two matters are pending. For discovery purposes, *Willis* has been consolidated with the previously filed lawsuit in which Don Lia is a Plaintiff ("*Lia* lawsuit").

    The *Lia* lawsuit was removed to this Court on July 27, 2011, and *Willis* was filed the following month. Dismissal motions were thereafter filed in both cases, and all briefing was completed by early December 2011. To date, no discovery has been conducted or propounded in the *Lia* lawsuit or *Willis*.

    For reasons set forth herein, Your Honor should exercise sound discretion in denying the stay motions, and require the Parties to proceed with limited initial discovery, starting with the exchange of Rule 26(a) initial disclosures. Under the Court's supervision, the Parties should then proceed to further written discovery and document production, as well as the scheduling of depositions.

    The fact patterns of these intertwining lawsuits are unusual, and exceptionally detailed. The RICO conspiracy described by Willis spans nearly a decade and is open-ended.[2] The importance of pursuing and preserving evidence in a timely manner, including testimonial evidence, cannot be overstated. A brief overview of the *Willis* pleadings helps to demonstrate what is at stake, and why discovery should now go forward.

---

[1] Letters in support of a motion to stay discovery were filed on behalf of individual Defendants Michael Saporito and Jesse Armstead, as well as American Honda and the All Star entities. Don Lia asserts that discovery should commence at least in his action. But there is no reason to stay discovery in either case; much of it will be the same discovery.

[2] In compliance with Your Honor's Order, Plaintiffs are filing their RICO Statement contemporaneously with this letter.

October 22, 2012
Page 2

**BRESSLER, AMERY & ROSS**
A PROFESSIONAL CORPORATION

### *These Plaintiffs Are Innocent Victims of a Well-Orchestrated and Comprehensive Fraud, and the Core Facts Establish Meritorious Claims.*

On Defendants' dismissal motions, Plaintiffs' factual pleadings are taken as true. The moving Defendants do not, and cannot on such motions, challenge the basic core factual assertions, and the detailed factual allegations here are particularly formidable. Through sworn testimony, documents, and Lia's Verified Complaint, the underlying facts in *Willis* show that the individual RICO Defendants – Don Lia, Michael Saporito and Jesse Armstead – for years commencing not later than 2003, collaboratively schemed and conspired to set up an elaborate enterprise, pretending that Saporito and Armstead were the true sole owners of and investors in a proposed (now operational) franchised Honda dealership in Hamilton, New Jersey. Although Willis raised the ownership and real-party-in-interest issues in an administrative proceeding in New Jersey, the collaborating RICO Defendants all materially perjured themselves, repeatedly and emphatically, and they prevailed. They consistently lied about and categorically denied Lia's hidden interests, participation and ownership.

As Willis' detailed Complaint avers, the RICO Defendants' testimonial assertions were demonstrably and materially false. Don Lia avers that his dealership ownership interests were substantial, that he was the sole investor, and that the conspirators' seminal agreement was written and sworn. The <u>quality</u> of the evidence of mail fraud is very high. In addition to Lia's Verified Complaint, the RICO Defendants' secret sworn agreement in 2003 is now exposed, along with a 2006 agreement, signed by both Lia and Saporito. The pleaded case is solid and meritorious.

At this time, Defendant American Honda is not named as one of the RICO Defendants, but rather, as a Defendant on common law claims – including tortious interference with present and prospective economic advantage, breach of fiduciary duties, negligence, breach of the implied covenants of good faith and fair dealing and equitable estoppel. Whether American Honda is to be added to the RICO claims will depend upon revelations in discovery. The existing claims against American Honda are viable and strong at this time. The fate of its franchisee, Willis, was in American Honda's hands, and as its franchisor – and as the proposed franchisor in the Saporito/Armstead proposal – it absolutely failed to take even the slightest steps of due diligence. Instead, it went out of its way to do the wrong things – over a long period of time, with repetition, ignoring myriad opportunities and duties to do what was right. In this respect, American Honda committed wrongful acts against Willis, including material breaches of its fiduciary obligations to Willis. *See, e.g., Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, 244 F.R.D. 204 (S.D.N.Y. 2007).

### *The Arguments Advanced by Defendants Are Insubstantial and Misplaced.*

The moving Defendants on the *Willis* Complaint voice their confidence in the outcome of the motions. They attempt to label Willis' lawsuit as a "collateral attack" and seek dismissal for that reason. Of course, the arguments are set forth in detail in the papers pending before the Court. The misplaced reliance on the *Rooker-Feldman* Doctrine and other theories are thoroughly rebutted by Willis. Willis respectfully incorporates by reference the response which, we believe, fully rebuts Defendants' motions in all respects.

As Willis has demonstrated in its substantive briefing on the dismissal motions, the New Jersey administrative proceeding was narrowly limited in scope and jurisdiction. Willis could

**BRESSLER, AMERY & ROSS**
A PROFESSIONAL CORPORATION

October 22, 2012
Page 3

not have alleged any of the causes of action that are alleged here. Don Lia was not a party. Under administrative rules applicable to protest cases in New Jersey, discovery was sharply curtailed, the possible relief statutorily defined, and pivotal facts concealed.

As Plaintiffs see the pending motions, the merits for denying the dismissal requests are overwhelming. Discovery should not be further delayed on that basis.

<u>*Commencement of Discovery Will Prejudice No One; Delay Prejudices Plaintiffs.*</u>

The moving Defendants assert that discovery will be voluminous and burdensome. They avoid discussion, however, of the probable hardships and prejudice to Willis of *not* commencing discovery at this time.

First, all Parties to this action have long been on notice of the claims and issues. Under the rules and pursuant to applicable case authority, all these Defendants should have, by now, taken appropriate steps to marshal and segregate potentially relevant evidence, including documents and electronically stored information. *See generally, Chin v. Port Authority of New York and New Jersey*, 2012 U.S. App. LEXIS 14088 (2d Cir., July 10, 2012). Thus, the identification of what has been done is a minimal "hardship," compared with the potential of prejudice to Plaintiffs.

Second, the identification of witnesses for purposes of depositions, including possible *de bene esse* depositions, should be undertaken as soon as possible. The loss of witness recollections and/or availability is a foreseeable risk that can be alleviated with the commencement of discovery.

Third, discovery can be guided by Your Honor in such a way as to minimize the possibility of too much investment of time and resources before receipt of the Court's decisions on the pending motions. In that regard, it is reasonable to anticipate that decisions are likely to be issued during the early stages of discovery in these cases. In all events, Your Honor can adjust the timing and sequencing of any discovery, as the Court sees fit.

Fact discovery would not be burdensome, and the evidence in the case should be preserved and protected. While courts often do stay cases while dispositive motions pend, the issue is one of sound discretion. *See* discussions in *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, 2009 U.S. Dist. LEXIS 7905 (S.D.N.Y. Feb. 3, 2009); and *Stone v. Lockheed Martin Corp.*, 2009 U.S. Dist. LEXIS 12105 (D. Colo., Feb. 2, 2009). *See, generally, Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Specified depositions of fact witnesses should be allowed to go forward, after document requests have been satisfied. We ask that Plaintiffs be permitted to quickly set deposition dates for Defendant Don Lia and former American Honda executive Richard Colliver, and a knowledgeable representative of Saul Ewing.

The opening of discovery at this time, under Your Honor's supervision, will be an appropriate way to accommodate the legitimate interests of all Parties.

Respectfully yours,

*/s/ ELC*

ERIC L. CHASE

ELC:eak
cc: Counsel of Record *(Via ECF and E-mail)*