**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DON LIA, MOBILE MANAGEMENT, LLC,
and N.R. AUTOMOTIVE, INC.,

          Plaintiffs,

  *- against -*

MICHAEL SAPORITO and JESSE ARMSTEAD,

          Defendants.

---

W&D IMPORTS, INC. d/b/a Willis Honda,
and DAVID DAVIS,

          Consolidated Plaintiffs,

  *- against -*

DON LIA; MOBILE MANAGEMENT, LLC; N.R.
AUTOMOTIVE, INC.; MICHAEL SAPORITO;
JESSE ARMSTEAD; ALLSTAR MOTORS OF
L.I., INC.; ALL STAR MOTORS, LLC d/b/a
Hamilton Honda; AMERICAN HONDA MOTOR
CO., INC.; and DOES 1 through 7,

          Consolidated Defendants.

---

Case No. 11-cv-3621 (SJF/ETB)
*consolidated with*
11-cv-4144 (SJF/ETB)

Hon. Sandra J. Feuerstein, U.S.D.J.
Hon. E. Thomas Boyle, U.S.M.J.

**PLAINTIFFS'**
**RICO STATEMENT**

---

      In compliance with this Court's Order of October 9, 2012, Plaintiffs W&D Imports, Inc. d/b/a Willis Honda, and David Davis respectfully submit this RICO Case Statement in support of their RICO allegations in their Complaint and Jury Demand in the captioned matter, filed in this Court on August 25, 2011.

1.      **State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§
1962(a), (b), (c), and/or (d).**

*BY VERIFIED FACTS FIRST REVEALED ONLY BEFORE THIS COURT AS OF
JULY 27, 2011 AND DIAMETRICALLY COUNTER TO PRIOR SWORN TESTIMONY IN
COURT PROCEEDINGS IN 2004-2006,* the unlawful conduct alleged against the RICO
Defendants in this matter is in violation of **(1) 18 § 1962(c)**, in association with an enterprise
engaged in, and the activities of which affect, interstate commerce, to conduct or participate,
directly and/or indirectly, in the conduct of the affairs of that enterprise through a pattern of
continuing racketeering activity; and **(2) 18 § 1962(d)**, to conspire to violate the provisions of
subsection (c) of 18 U.S.C. § 1962.

2.      **List the defendants and state the alleged misconduct and basis of liability of
each defendant.**

**DON LIA:**   This RICO Defendant, as covert co-conspirator and financier, solicited and/or
employed and/or coordinated with other Defendants, and conducted and/or participated, directly
or indirectly, in the conduct of the affairs of the aforesaid enterprise through a pattern of
racketeering activity, by, without limitation, conspiracy and mail fraud, in interstate commerce,
so as to obtain from Defendant American Honda the right to operate a franchised dealership in
the long-established market area of Plaintiff Willis Honda.  That scheme came to fruition, and
centerpiece of the enterprise, Hamilton Honda, has been and continues in operation since 2008.

**ANTHONY SAPORITO:**   This RICO Defendant conspired with other RICO Defendants  to
conduct and participate in the aforesaid enterprise through a pattern of racketeering activity by,
without limitation, conspiracy and mail fraud in interstate commerce, so as to obtain from

Defendant American Honda the right to a franchised dealership by intrusion into Plaintiffs' long-developed market area, and to establish, open, and operate that franchise.  This RICO Defendant was intended in the plan of the enterprise to be the manager of Hamilton Honda, and he holds that position today.

**JESSE ARMSTEAD:**  This RICO Defendant, as co-conspirator with other RICO Defendants, assisted, conducted, and/or participated in the activities of the aforesaid enterprise through a pattern of racketeering activity by, without limitation, conspiracy and mail fraud in interstate commerce, so as to obtain from American Honda the right to a franchised dealership by intrusion into Plaintiffs' long-developed market area, and to establish, open, and operate that franchise. He was held out as the majority owner of Hamilton Honda.  He continues his association with the enterprise.

**MOBILE MANAGEMENT, LLC**:  This RICO Defendant is a New York limited liability company, associated-in-fact with the aforesaid enterprise, through which RICO Defendant Don Lia, its Managing Member, has managed and manages the multiple retail automobile dealerships he owns and through which he has paid salary, bonuses, and benefits to RICO Defendant Saporito, according to the Lia Verified Complaint removed to this Court on July 27, 2011.

**N.R. AUTOMOTIVE, INC.**:  This RICO Defendant is a New York corporation, associated-in-fact with the aforesaid enterprise, through which RICO Defendant Don Lia arranged an interest-free loan in the amount of $300,000 for the enterprise to RICO Defendant Saporito, memorialized by a demand note of N.R. Automotive, Inc., dated October 31, 2002,  according to the aforesaid Lia Verified Complaint removed to this Court on July 27, 2011.

**ALLSTAR MOTORS OF L.I., INC.**:  This RICO Defendant is, on information and belief, a New York Corporation, also named Allstar Route 130 EW, LLC, of which RICO Defendant Don Lia is the sole principal, associated-in-fact with the aforesaid enterprise, and through which, according to the Lia Verified Complaint, Lia purchased property in 2003 in East Windsor, New Jersey, with intent to comply secretly with Defendant American Honda's property requirements for the Open Point in Plaintiffs' relevant market area..

**ALL STAR MOTORS, LLC d/b/a HAMILTON HONDA**:  This RICO defendant is a limited liability company of New Jersey, affiliated-in-fact with the enterprise of the RICO Defendants, through which they intended to and did carry out their scheme to obtain a Honda franchise in Plaintiffs' relevant market area, to build a large facility, to open a new Honda dealership in 2009, and to continue to operate that new dealership.

**AMERICAN HONDA MOTOR CO., INC. ("Am. Honda")**:  This Defendant is a California corporation, with a regional office in New Jersey to serve the States of New York and New Jersey, who by breaches of its fiduciary duty, negligence, and tortious interference  enabled the RICO Defendants to accomplish and continue the purpose of their conspiracy.   Whether American Honda should, by amendment, be a RICO Defendant will be determined in discovery.

     3.    **List alleged wrongdoers, other than the defendants listed above, and state the misconduct of each wrongdoer.**

DOES 1 through 7:  Persons whose actions were and continue to be unlawful and injurious to Plaintiffs and whose identities cannot be ascertained without discovery, including:

    (a)    Entities and persons knowingly in complicity with the RICO Defendants;

(b)     Entities and persons who negligently facilitated and continue to facilitate illegal acts of the RICO Defendants;

(c)     Employees of Am. Honda or other Honda entities and persons who deliberately or negligently concealed information concerning the illegal acts of the Defendants, or breached fiduciary duties owed to the Plaintiffs.

**4.      List the alleged victims and state how each victim was allegedly injured.**

Victims:  PLAINTIFF W&D IMPORTS, INC. D/B/A/ WILLIS HONDA ("WILLIS")

PLAINTIFF DAVID DAVIS

Plaintiff Willis Honda is a New Jersey corporation, principally engaged for over three decades in the sales and service of new and used vehicles, including new vehicles distributed by Defendant Am. Honda under a standard dealership agreement.

Plaintiff David Davis is a veteran Honda dealer and the sole shareholder of Plaintiff Willis Honda.

The injuries of Plaintiff Willis Honda and Plaintiff David Davis proximately caused by all Defendants, include:

(a)     The value of lost opportunity to move the long-established Willis Honda dealership within its established and assigned market area to a more advantageous site in or near Hamilton, New Jersey.

(b)     The value of lost business from consumers within Willis' relevant market area and beyond and lost proceeds therefrom.

(c)     Lost profits, and use thereof, from the proposed Willis' business in or near Hamilton, New Jersey.

(d)     Lost business and profits, and use thereof, by unlawful competition from RICO Defendants at their new Honda dealership commencing in 2009 and continuing.

(e)     Time, effort and resources, including attorney fees for Protest prosecution and appeals that denied Plaintiffs fair hearing and relief through administrative process and subsequent court appeals because of the perjured testimony of the RICO Defendants.

5.      **Describe in detail the pattern of racketeering activities or collection of unlawful debts alleged for each RICO claim.   This description of the pattern of racketeering shall include the following information:**

a.      **List the alleged predicate acts and the specific statutes that were allegedly violated;**

b.      **Provide the date of each predicate act, the participants in each predicate act, and a description of the facts constituting each predicate act;**

c.      **If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Identify the time, place and substance of the alleged misrepresentations, and the identity of persons to whom and by whom alleged misrepresentations were made;**

d.      **State whether there has been a criminal conviction for violation of any predicate act;**

e.      **State whether civil litigation has resulted in a judgment with regard to any predicate act;**

f.      **Describe how the predicate act forms a "pattern of racketeering activity;" and**

g.      **State whether the alleged predicate acts relate to each other as part of a common plan.  If so, describe the alleged relationship and common in detail.**

**5.**      The RICO Defendants conspired to conduct and have conducted their enterprise through the following pattern of continuing racketeering activity, without limitation, by those predicate acts and statutory violations, as listed in Section **5(a)** below**,** for the purpose of acquiring, establishing, and operating a franchised Honda dealership in Hamilton, New Jersey, by false representations, and in circumvention of statutory limits and standard business procedures, maintained under oath in legal proceedings to deprive a deserving dealer of benefit derived from his lawful and faithful compliance, and decades of service in his market area.

**5(a)      Alleged predicate acts and the specific statutes allegedly violated:**

RICO Enterprise Conspiracy, 18 U.S.C. § 1962(c); 18 U.S.C. § 1962(d);  N.J.S.A. 2C: 41-2(c); and N.J.S.A. 2C-41-2(c); N.J.S.A. 2C:5-2

Mail fraud, 18 U.S.C. § 1341

False statements, N.J.S.A. 2C:21-4

Commercial Bribery, N/J.S.A. 2C: 21-10

**5(b)      Date of each predicate act, the participants in each predicate act, and a description of the facts constituting each predicate act; and**

**5(c)      Description of the circumstances surrounding each predicate act of <u>mail fraud</u> stated with particularity as to time, place, substance of alleged misrepresentation and identity of persons to whom and by whom alleged misrepresentations were made.**

The RICO Defendants operated and conducted their enterprise through a pattern of racketeering activity which included, but was not limited to, the following United States Postal Service mailings in violation of 18 U.S.C. § 1341, each of which was founded on the underlying falsehood that Saporito and Armstead were to be the exclusive owners/operators of a new Honda point:

- Am. Honda to Saporito on April 14, 2003 (cover letter enclosing dealer application upon RICO Defendants' request and in furtherance of the scheme). Complaint Ex. G.

- Am. Honda to Armstead on April 14, 2003 (cover letter enclosing dealer application upon RICO Defendants' request and in furtherance of the scheme). *Id.* Ex H.

- Dealership Application from Saporito and Armstrong to Am. Honda dated May 28, 2003 (sent in furtherance of RICO Defendants' scheme initiated in their secret letter agreement of April 22, 2003). *Id.* Ex. I.

- Don Lia to James Burrell (Am. Honda) on January 28, 2004 (authorizing Am. Honda to speak with Saporito, demonstrating knowledge of and assistance to the scheme he conceived with Saporito and Armstead). *Id.* Ex. J.

- Saporito to Sam Dolente (Am. Honda) on February 24, 2004 (thanking Am. Honda for its consideration). *Id.* Ex. K.

- Am. Honda to "Mike Saporito" on February 27, 2004 (informing him that he is one of the final candidates for the Hamilton Point). *Id.* Ex. L.

- Am. Honda to Armstead on February 27, 2004 (informing him that he is one of the final candidates for the Hamilton Point). *Id.* Ex. M.

- Saporito to Sam Dolente (Am. Honda) on March 10, 2004 (describing part of All Star's business plan which was fraudulent in its exclusion of secret owner Lia). *Id.* Ex. N.

- Am. Honda to Armstead on March 11, 2004 (confirming interview). *Id.* Ex. O.

- Am. Honda to "Mike Saporito" on March 15, 2004 (confirming interview). *Id.* Ex. P.

- Saporito to Sam Dolente (Am. Honda) on March 16, 2004 (enclosing business plan which was false in its exclusion of Lia). *Id.* Ex. Q.

- Saporito to Sam Dolente (Am. Honda) on March 17, 2004 (enclosing documents requested by Am. Honda). *Id.* Ex. R.

- Am. Honda to "Mike Saporito" on July 8, 2004 (enclosing verification of funds form). *Id.* Ex. S.

- Verification of Sources of Funds & Indebtedness form from Armstead and Saporito to Am. Honda dated July 12, 2004 (with false information in furtherance of the scheme). *Id.* Ex. T.

- Dennis O'Doherty, Jr., Esq. (counsel for Saporito and Armstead) to Am. Honda (confirming false ownership and financial information) on August 5, 2004. *Id.* Ex. V.

- Am. Honda to Armstead and Saporito on September 13, 2004 (enclosing Letter of Intent for the Hamilton Point). *Id.* Ex. W.

- Am. Honda to Saporito on October 13, 2004 (enclosing executed Letter of Intent for the Hamilton Point). *Id.* Ex. X.

- Saporito to Sam Dolente (Am. Honda) on October 28, 2004 (describing dealership location proposal). *Id.* Ex. Y.

**5(d)**   There has been no criminal conviction for violation of any predicate act.

**5(e)**   Civil administrative litigation resulted in a judgment against Plaintiffs because of RICO Defendants' perjured statements and the predicate acts.

**5(f)**   The predicate acts form a "pattern of racketeering" in a continuing conspiracy of calculated dishonesty culminating in **(i)** RICO Defendant Lia's secret and total financial backing for what became and continues to be Hamilton Honda; **(ii)** pervasive and detailed perjury by Lia, Saporito, and Armstead in depositions and hearings; **(iii)** a continuing conspiracy that, *inter alia*, deprived Plaintiff Willis of a fair hearing; **(iv)** the wrongful award of a valuable Honda franchise to the RICO Defendants, procured as a direct result of their unlawful conspiracy, false application to Am. Honda and multiple material perjuries; and **(v)** great, continuing harm and damages suffered by Plaintiffs as a consequence of a decision rendered in material reliance upon testimony now admitted by RICO Defendant Lia to have been false.

**5(g)**   The alleged predicate acts relate to each other as part of a common plan by each of the RICO defendants working together, over a period exceeding eight years and continuing, to deprive Plaintiffs of the Hamilton Honda franchise and/or cause injury to Plaintiffs' business by their conspiracy evidenced most clearly by the false and insufficient data submitted to Am. Honda by use of the U.S. mail, and by the false testimony under oath to defeat Plaintiffs'

administrative Protest that sought to enjoin Defendants' establishment of a Honda dealership in Hamilton, New Jersey.

6. **Describe in detail the alleged "enterprise" for each RICO claim. A description of the enterprise shall include the following: (a) state the name of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise; (b) a description of the structure, purpose, function and course of conduct of the enterprise; (c) a statement of whether any defendants are employees, officers or directors of the alleged enterprise; (d) a statement of whether any defendants are associated with the alleged enterprise; (e) a statement of whether plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise or that the defendants are the enterprise itself, or members of the enterprise; (f) if any defendants are alleged to be the enterprise itself, or members of the enterprise, an explanation of whether such defendants are perpetrators, passive instruments or victims of the alleged racketeering activity.**

6. The enterprise alleged is common to each RICO claim, as follows:

Each claim involves the same defendants, the same purpose, the same initial agreement(s), and the same strategy.

**6(a) State the names of the individuals, partnerships, corporations, associations, or other legal entities that allegedly constitute the enterprise;**

**Names:** All RICO Defendants and Defendants listed *supra* Nos 2 and 3 in a common conspiracy against Plaintiffs listed *supra* No. 4.

**6(b) Describe the structure, purpose, function and course of conduct of the enterprise;**

The structure of the enterprise is the continuing conspiracy, which commenced no later than April 2003, among the three individual RICO Defendants and the entities, to which one or more of them were or are represented as the sole controlling and investing members, to deceptively submit information to cause Am. Honda to award to RICO Defendants Saporito and Armstead the desirable new Hamilton, New Jersey franchise in the market area of the long-established Plaintiff Willis Honda franchise, and to conceal throughout this process the financial and principal involvement of RICO Defendant Lia because, *inter alia*, of his disqualifying background as a former "dirty dealer" in the "Honda-gate" scandal in or about the mid-1990s. That the information sent by Saporito and Armstead to Am. Honda, and to which all three Defendants swore under oath in the Protest proceeding and maintained on appeals, was false, has now been admitted unambiguously in the Verified Complaint very recently filed by RICO Defendant Lia in an action against his co-conspirators, now before this Court. Since the filing, Plaintiffs have received copies of agreements that memorialized and constituted the RICO Defendants' open-ended conspiracy.

**6(c)    State whether any defendants are employees, officers or directors of the enterprise as to each RICO claim;**

The RICO Defendants have included the three individual participants in the enterprise under a series of alleged roles:

**RICO Defendant Lia**, until July 2011, disclaimed any role in the enterprise, most notably under oath at a deposition ordered during Plaintiffs' Protest action in 2004-2006. During that period, Defendant Mobile Management of which Lia was the Managing Member, employed RICO Defendant Saporito as general manager and paid him salary, bonuses, and benefits. Lia also alleges that, through Defendant N.R. Automotive, Inc., he arranged an interest-free loan in

the amount of $300,000 to Saporito.  Finally, in 2011, Lia, in his Verified Complaint now filed with this Court, claims to have solely funded the enterprise and seeks recognition as the owner of Defendant All Star Motors d/b/a Hamilton Honda, with recovery of funds and proceeds of that dealership.  He claims 75% ownership of the business, and 100% ownership of the underlying realty.  He disclaims any part in the more recent conduct of the enterprise because his co-defendants have frozen him out of the operation, decisions, and the profits of Hamilton Honda, which he now claims.

**RICO Defendant Saporito** was an employee of RICO Defendant Lia through Defendant Mobile Management until January 2007, and is allegedly a debtor to Lia through Defendant N.R. Automotive, Inc.  With RICO Defendant Armstead, he applied to Am. Honda for the franchise in the Hamilton Point sought by Plaintiffs, based heavily on alleged maintaining investment of capital from family loans and his participation in the management of the dealership as 49% owner thereof.  The Lia Verified Complaint claims that Lia alone provided the necessary capital to obtain the franchise and establish the dealership.  Saporito, with Armstead's assistance, established the dealership facility, its opening in 2009, and operation without Lia since that date. Ostensibly, Saporito is portrayed as a 49% owner.

**RICO Defendant Armstead** was a well-known athlete, with no dealership or retail experience, but likely customer appeal.  He consented to involve in the enterprise which would provide him, according to the statements of all the conspirators, 51% ownership of the Honda dealership they sought from Am. Honda in Plaintiffs' market area.  The Lia Verified Complaint challenges the veracity of his sworn claims and his application for and operation of the Hamilton Honda dealership.

**6(d)    State whether any defendants are associated with the alleged enterprise;**

Four Defendant corporations are associated with the alleged enterprise as facilitators of its purpose:  Defendants Mobile Management, LLC and N.R. Automotive, Inc., to employ and/or distribute funds from RICO Defendant Lia to RICO Defendant Saporito; Defendant Allstar Motors of L.I., Inc., to purchase and hold potential dealership property in East Windsor, New Jersey, and All Star Motors, LLC d/b/a/ Hamilton Honda, the dealership property, facility and business established by and operated by the enterprise in Plaintiffs' market area since 2009.

**6(e)    State whether the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise;**

The RICO defendants are the individuals and entities who formed the enterprise and are all separate from the enterprise.   A separate Defendant, not currently named as a RICO Defendant, is American Honda on certain common law claims.  Plaintiffs reserve the right to amend the Complaint to include American Honda as a RICO Defendant if facts gleaned from discovery warrant.

**6(f)    If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.**

The RICO Defendants are perpetrators and participants through the enterprise of the racketeering activity, and/or association-in-fact, alleged and initiated in a letter agreement of April 22, 2003.

7.      **State and describe in detail whether plaintiff is alleging that the pattern of racketeering activity and the enterprise are separate and have not entirely merged into one entity.**

Plaintiffs believe that the enterprise is a single entity.

8.      **Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity.  Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.**

The enterprise was established no later than April 2003 as characterized by Lia's Verified Complaint and initially set forth in a notarized agreement.  Post-filing, Plaintiffs received copies of a 2003 sworn agreement and a 2006 agreement that support Plaintiffs' contentions.  From at least 2003 to 2009, the pattern of racketeering activity consisted of conspiratorial fraudulent acts of the RICO Defendants, racketeering acts to establish and acquire, by fraudulent submissions, a Honda franchise in Hamilton, New Jersey, in the market area of long-established Plaintiff Willis Honda. The process involved numerous mailings stating and ratifying innumerable falsehoods, emphasizing that Saporito and Armstead were to be sole owners of a Honda dealership.  Certain mailings are enumerated in the Complaint as incidents of mail fraud under 18 U.S.C. § 1341.

With the opening of the All Star dealership in 2009, the enterprise now shares in the sales and service income and business value from Plaintiffs' developed  market area to the financial detriment of Willis Honda and that of its owners and employees.

The enterprise – as such – exists for unlawful purposes.

9.    **Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.**

The enterprise now receives the benefits, income and value of operating a new Honda-franchised dealership established for Am. Honda products in a receptive market Plaintiffs have long served and developed over more than thirty years of rigorous, experienced effort, and dedication to that market.

10.    **Describe the effect of the activities of the enterprise on interstate or foreign commerce.**

The activities of this enterprise are interstate and international in scope. The product Am. Honda distributes through its dealerships may be in large part manufactured and administered in the United States, but products and parts are also manufactured overseas (mainly in Japan); the headquarters and corporate management of the parent company are in Japan, and the top executive of Am. Honda is a Japanese national assigned by the parent company. All inventory involved with the enterprise crosses state lines; supervision of the dealership network originates in California. The dealerships in this country are franchises, and their relations with those franchises are subject United States laws, and also to franchise and administrative law of the state in which a dealership is located. These laws regulate the trade and protect the franchisee from the far stronger economic power of the franchisor. Upon information and belief, banking relationships involving the dealership, lenders and consumers are interstate.

The conspiracy of the RICO Defendants and the negligence and other breaches of Am. Honda have violated federal and state RICO laws, state franchise and administrative law, and the common law.

11.    If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following:  (a) state who received the income derived from the pattern of racketeering activity or through the collection of unlawful debt; and (b) describe the use or investment of such income:                    Not applicable.

12.    If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information:                    Not applicable.

13.    If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following:  (a) state who is employed by or associated with the alleged enterprise, and (b) state whether the same entity is both the liable "person" and the "enterprise" under section 1962(c).

(a)    Defendants Lia, Saporito, Armstead, Mobile Management, LLC, N.R. Automotive, Inc., Allstar Motors of L.I., Inc., and All Star Motors, LLC d/b/a Hamilton Honda are associated with the enterprise.

(b)    The same entity is not the liable "person" and the "enterprise" under § 1962(c).

14.    If the complaint alleges a violation of 18 U.S.C.A. § 1962(d), describe in detail the facts showing the existence of the alleged conspiracy.

RICO Defendants Lia, Saporito, Armstead through Defendant All Star Motors, LLC, conspired to obtain, establish, and operate an Am. Honda dealership within the relevant market area of established successful dealer Plaintiff Willis, whose applications to Am. Honda for a more favorable relocation within its market and/or the establishment of a new point were

summarily denied or ignored.   In part, written agreements in 2003 and 2006 memorialize the conspiracy.


**15.   Describe the alleged injury to business or property.**

(a)   Lost opportunity to establish and operate a new facility for its Honda dealership more advantageously relocated to Hamilton, New Jersey, within its relevant established market, or a separate new dealership.

(b)   Injury from the denial of that opportunity as a result of the conspiracy.

(c)   Lost profits and use thereof from the proposed business from denied relocation.

(d)   Lost business from consumers within the Willis relevant market area and beyond.

(e)   Lost profits to Plaintiffs and use of income therefrom caused by the unlawful competition from RICO defendants at their new Honda dealership opened in 2009.

(f)   Time, effort, and resources, including fees, in attempt to prosecute a Protest against the RICO Defendants, who had misled the New Jersey courts with persistent and well-rehearsed perjury, now revealed.


**16.   Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.**

The RICO Defendants presented a fraudulent proposal to Am. Honda.   Am. Honda granted them a new dealership in Plaintiffs' relevant market.   Plaintiffs sought relief in the New Jersey administrative Protest procedure, where the RICO Defendants prevailed by false testimony in an administrative proceeding, and through appeals.   The falseness of that important and material testimony has now been brought to light by the Verified Complaint of RICO

Defendant Lia against his co-conspirators.  The testimony is compounded by their use of the mails to carry out the fraudulent plan that installed an entity run by unscrupulous plotters that have already caused and continue to cause Plaintiffs, their management, and employees very substantial and growing losses.

Plaintiffs' monetary injuries derive from the fruits of the RICO conspiracy at Hamilton Honda.

**17.     List the damages sustained by reason of the violation of 28 U.S.C. § 1962, indicating the amount for which each defendant is allegedly liable.**

Plaintiffs will maintain that the RICO Defendants are jointly and severally liable for all damages sustained in this matter, including, without limitation, triple damages for federal and state RICO violations and constructive trust, unless discovery definitively reveals otherwise.

Plaintiffs will also seek damages from Defendant Am. Honda for tortuous interference, breach of fiduciary duty, negligence and equitable estoppel.

Plaintiffs will seek damages from Does 1 through.7, commensurate with their liability as determined in discovery and trial.

Plaintiffs will present expert testimony on the extent of the damages which are currently increasing on an ongoing basis, and are already in the many millions of dollars.

**18.     List all federal causes of action, if any, and provide the relevant statute numbers.**

RICO enterprise racketeering activity  18 U.S.C.A 1962(c)

RICO conspiracy  18 U.S.C.A. 1962(d)

Mail fraud  18 U.S.C.A. 1341


**19.     List all pendent state claims, if any.**

NEW JERSEY RICO racketeering  N.J.S.A. 2C:41-2(c)

NEW JERSEY RICO conspiracy  N.J.S.A. 2C:41-2(d)

NEW JERSEY conspiracy  N.J.S.A. 2C:5-2(a)

NEW JERSEY false statements  N.J.S.A. 2C:21-4

NEW JERSEY commercial bribery N.J.S.A. 2C:21-10

Constructive Trust and Accounting

Tortious interference with present and prospective advantage

Breach of fiduciary duties owed by American Honda to Plaintiffs

Negligence by American Honda

Breach of the implied covenant of good faith and fair dealing

Equitable estoppel as to all Defendants

20.     **Provide any additional information that you feel would be helpful to the Court in processing your RICO claims.**

On July 6, 2011, RICO Defendant Don Lia filed a Verified Complaint in New York State court against Co-RICO Defendants here, Saporito and Armstead.  This action was removed this Court on July 27, 2011.  *See Don Lia, Mobile Management, LLC and N.R. Automotive, Inc. v. Michael Saporito and Jesse Armstead,* No. cv-11-3621.   This Complaint substantiates and confirms in detail the fraud and deception Plaintiffs had alleged was pervasive throughout the administrative Protest hearing which denied Plaintiffs their deserved relief, was upheld on appeals, and was finally decided in 2006.

DATED:  October 22, 2012

_____
ERIC L. CHASE
BRESSLER, AMERY & ROSS, P.C.
17 State Street
New York, New York  10004
(212) 425-9300
Attorneys for Plaintiffs,
   W&D Imports, Inc. d/b/a Willis Honda
   and David Davis

1347429_1